Jason Goodman
252 7th Ave #6s
New York, NY10001

RECEIVED
USDC CLERK, CHARLESTON, SC

2018 AUG -3 AM 10: 47

DISTRICT COURT OF
South Carolina

David George Sweigert,

    Plaintiff,

vs.

Jason Goodman,

    Defendant

Case No.:2:18-cv-01633-RMG-BM

MOTION TO DISMISS

With full reservation of all rights and without submitting defendant to the jurisdiction of this court due to insufficiency of service of process, defendant submits this motion in an abundance of caution and to protect and preserve his due process and other rights.

Pursuant to South Carolina Federal Civil Rules, Defendant hereby moves the Court to dismiss Plaintiff's Complaint with prejudice. The bases for this Motion are set forth in the accompanying Memorandum

Dated this 31st day of July, 2018

Jason Goodman
252 7th Avenue #6s
New York, NY 10001

Motion to Dismiss - 1

RECEIVED
USDC CLERK, CHARLESTON, SC
2018 AUG -3  AM 10: 47

Jason Goodman
252 7th Ave #6s
New York, NY
10001

DISTRICT COURT OF
South Carolina

Case No.: 2:18-cv-01633-RMG-BM

David George Sweigert,

    Plaintiff,

vs.

Jason Goodman,

    Defendant

MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS

## FACTS

Plaintiff David George Sweigert has engaged in a more than one year long targeted harassment campaign against Defendant Goodman. Sweigert has utilized social media platforms including but not limited to YouTube and Twitter in coordination with a team of associates to persistently defame and harass Defendant Goodman. Plaintif has repeatedly engaged in behavior including knowingly spreading false information and making false statements in court filings both in this matter and an equally baseless matter filed in Virginia Federal Court by an associate of Sweigert. Mr. Sweigert has published videos on the internet platform YouTube claiming, without evidence, that Goodman is paid by Israeli intelligence service Mossad. Mr. Sweigert has made numerous menacing videos containing direct threats against defendant Goodman. Plaintif has made numerous public calls for defendant Goodman to "lawyer up". Plaintif has engaged in a plot to frame defendant Goodman for a bomb hoax perpetratd by Plaintif's brother George W. Sweigert and assoiates, including members of the fraudulent suit filed in Virgina. Plaintiff makes a regular practice of misusing the legal system for vindictive and punitive purposes as part of his elaborate efforts to harass his victims. Mr. Sweigert has openly stated that he suffers from post-traumatic stress disorder and has repeatedly demonstrated that he is a public menace and a danger to himself and others.

## ARGUMENT

### I. Plaintiff's Complaint Fails To State a Claim Upon which Relief May Be Granted

Plaintiff's claim must be dismissed with prejudice because his legal claims are without merit. Plaintiff's brother George W. Sweigert and George W. Sweigert's associates were the initial source of information and went to great lengths to convince defendant that there was imminent and grievous danger to the public. Defendant acted in good faith, reporting on open source information and information provided by Plaintiff's associates, to alert authorities of possible danger and what defendant was caused to believe to be an imminent and serious public threat. Evidence that has come to light since the incident occurred now indicates that Plaintiff acted in collusion with family member and associates to defraud defendant and defendant's viewing audience of nearly $10,000 in a charity fraud that has not been denied and potentially hundreds of millions in a sophisticated cryptocurrency scheme. After defendant exposed these schemes, Plaintiff moved aggressively and unyieldingly to harass, intimidate and chill the journalistic efforts of defendant. This baseless legal action is part of that ongoing harassment.

### II. No Standing

Plaintiff's claim must be dismissed because Plaintiff has not standing, is not a resident of South Carolina and was not impacted by the alleged action, which evidence indicates, he and his associated deliberately caused to occurr.

### III. Improper Service of Process

Plaintiff's claim must be dismissed because of improper service of process according to rule 4 (d)(8) Service by Certified Mail. Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt. Service pursuant to this paragraph shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant. Any such default or judgment by default shall be set aside pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person. If delivery of the process is refused or is returned undelivered, service shall be made as otherwise provided by these rules.

**CONCLUSION**

For the reason stated above, Defendant's Motion to Dismiss should be granted.

Dated this 31st day of July, 2018

Jason Goodman
252 7th Ave #6s
New York, NY 10001

Motion to Dismiss - 4