IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| D. George Sweigert, <br> a/k/a *David George Sweigert*, <br><br> Plaintiff, <br><br> v. <br><br> Jason Goodman, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2:18-1633-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court deny without prejudice Plaintiff D. George Sweigert's motions to show cause (Dkt. Nos. 7, 8), motion to strike (Dkt. No. 12) and motion for leave to amend his motion to show cause (Dkt. No. 17); deny without prejudice Defendant Jason Goodman's motion to dismiss (Dkt. No. 9); and transfer this case to the United States District Court for the Southern District of New York. For the reasons set forth below, the Court adopts the R & R as the Order of the Court. Plaintiff's motions to show cause, motion to strike and motion for leave to amend are denied without prejudice; Defendant's motion to dismiss is denied without prejudice; and the Court transfers this case to the United States District Court for the Southern District of New York.

**I.     Background**

Mr. Swiegert is a pro se litigant claiming in part that Defendant Goodman, along with his companies Multimedia System Design, Inc. and/or Crowd Source the Truth ("CSTT"), is violating the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, by coordinating to "stag[e] fake news" relating to an alleged 2017 bomb threat hoax in Charleston, South Carolina. (Dkt. No. 5 at 8.) Plaintiff alleges that he is a California licensed Emergency

-1-

Medical Technician who has been "targeted" by CSTT and its "community of racketeering operators" for publishing a "white paper about the defendant." (*Id.* at 1, 9.) Plaintiff contends that Defendant, a Manhattan resident, and others are "injecting themselves into the plaintiff's affairs . . . to destroy his life." (*Id.* at 9, 14.)

Plaintiff filed a motion to show cause "as to why the Defendant should not be deemed to have received constructive notice of pending lawsuit" (Dkt. No. 7); a motion to show cause "for an order as to why the Defendant should not restrained by an injunction to cease and desist Defendant's copyright infringement" (Dkt. No. 8); and a motion to amend the latter motion to show cause (Dkt. No. 17). Defendant Goodman filed a motion to dismiss (Dkt. No. 9), which Plaintiff moved to strike (Dkt. No. 12).

## II.     Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection is made, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objection, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues raised by Plaintiff's and Defendant's motions and correctly concluded, to which Plaintiff has not objected, that each motion should be denied as premature. Federal Rule of Civil Procedure 4 dictates that the Plaintiff present a properly completed summons to the clerk, who must issue it for service on the Defendant. Here, no summons has been issued and, therefore, service of process by Plaintiff is premature. As a result, Plaintiff's motions are also premature, as is Defendant's motion to dismiss.

Regarding proper venue, the Court may transfer a case "in the interest of justice" to any district in which it could have been brought. 28 U.S.C. §§ 1404(a), 1406(a). A case may be brought in "a judicial district in which any defendants resides, if all defendants are residents of the State in which the district is located; a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" or, otherwise, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 18 U.S.C. § 1391(b). As the Magistrate Judge correctly identified by appropriately liberally construing the Amended Complaint, Plaintiff could have brought his case in the District Court for the Southern District of New York because the Defendant is in Manhattan, New York City is where a majority of alleged acts by Defendant giving rise to Plaintiff's claims occurred and, relatedly, where evidence and records relating to those claims are likely maintained. Moreover, transfer would allow Plaintiff's claims to continue on the merits without re-filing and Plaintiff has not objected to the Court's sua sponte transfer. *See, e.g.*, *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("If the matter is raised sua sponte, the parties deserve an opportunity to be heard before a decision is rendered.").

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 22) is **ADOPTED** as the Order of the Court. Plaintiff's motions to show cause (Dkt. Nos. 7, 8), motion to strike (Dkt. No. 12) and motion for leave to amend his motion to show cause (Dkt. No. 17) are **DENIED WITHOUT PREJUDICE**. Defendant's motion to dismiss (Dkt. No. 9) is **DENIED WITHOUT PREJUDICE**. This case is **TRANSFERRED** to the United States District Court for the Southern District of New York.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 17, 2018
Charleston, South Carolina